[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

No. 11-12360
Non-Argument Calendar

_____

D.C. Docket No. 1:01-cr-00015-SPM-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WADE JAMES ODUM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 18, 2011)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Wade James Odum appeals his 60-month sentence, imposed after he pleaded

guilty to violations of his supervised release, pursuant to 18 U.S.C. § 3583(e). On appeal, Odum argues that his sentence is substantively unreasonable in light of his medical condition and his time served for a state sentence underlying some of the violations. Odum acknowledges that the sentence of 60 months imprisonment was within the guidelines range, but contends that the totality of the circumstances required a lesser sentence.

We review the substantive unreasonableness of a sentence imposed by the district court for an abuse of discretion. See United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted). We will vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a)

factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011). "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (quotations and alteration omitted).

When sentencing a defendant upon revocation of supervised release pursuant to 18 U.S.C. § 3583(e), a district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care, or correctional treatment; (3) the Sentencing Guidelines' range; (4) pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (6) the need to provide restitution to victims. See 18 U.S.C. § 3583(e) (providing that the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) when sentencing a defendant upon revocation of supervised release); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and

3

(a)(4)-(7).

Upon review of the record and consideration of the parties' briefs, we affirm. Odum's 60-month sentence was substantively reasonable. The sentence was within the guideline range, and we accord an expectation of reasonableness to such a sentence. United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010); Hunt, 526 F.3d at 746. In addition, the § 3553(a) factors favored a lengthy sentence, and the record shows that the district court clearly considered the § 3553(a) factors when it imposed the sentence. Odum had an extensive criminal history, committed serious offenses, and was undeterred by prior sentences. Indeed, Odum had been on supervised release less than two months before committing the instant violations.

**AFFIRMED.**